# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAMONT VAUGHN,

    *Plaintiff,*

    v.

GEO GROUP; JILL KILEY; MR. DURANT;
COUNSELORS SMITH, ADEBE, FORDICE,
and SPINETTA; TRACY RIVERS; and
PATRICK MCFARLAND,

    *Defendants.*

Civil Action No. 18-10148
(JMV) (SCM)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E.
1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma
pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §
1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff
fails to plausibly plead a claim.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant
"establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines,
Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff must sufficiently establish his inability to pay,
and the Court will grant his application to proceed *in forma pauperis* without prepayment of fees
and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review
the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Here, Plaintiff alleges violations of 42 U.S.C. §1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under § 1983, a plaintiff must first allege a violation of a right secured by the Constitution or laws of the United States and, second, a plaintiff must contend that the

violation was caused or committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that while in the custody of the Federal Bureau of Prisons ("FBOP") he was transferred to Toler House, a residential re-entry program, or halfway house, in Newark, New Jersey. D.E. 1, hereinafter "Complaint" or "Compl.", at 4.[1] Plaintiff alleges that he was written up for violating FBOP Disciplinary Code number 305 for possessing cigarettes on two different occasions between October and November 2017. *Id.* at 5. Each incident resulted in a disciplinary hearing. *Id.* Plaintiff further alleges he was unjustly reprimanded for this violation, given that he did not possess an "excess amount" of cigarettes as stipulated by the FBOP Disciplinary Code. *Id.* at 8. Allegedly, Plaintiff was written up a third time for possessing cigarettes, which Plaintiff claimed did not belong to him. *Id.* at 7. Without a hearing, which Plaintiff alleges violated his Due Process rights under the Fourteenth Amendment[2] to the United States Constitution, Plaintiff was charged with violating the FBOP disciplinary code number 309 ("violating the conditions of a community program") and was transferred back to the correctional facility due to "program failure." *Id.* Plaintiff further alleges that while at Toler House he was arbitrarily targeted, harassed, colluded against, unduly provoked, and deprived of his Due Process rights. *Id.* at 3. Plaintiff is requesting $2.5 million in damages for the loss of income, the loss of opportunity, mental anguish and family hardship. *Id.* The Complaint lists five counts "against the above named defendants" for: "(1) Targeted and arbitrary action in order to injure and/or create unnecessary hardship for

---

[1] The Court makes reference to the Complaint by page number as the paragraphs are not numbered.

[2] The Fourteenth Amendment applies to the states, while the Fifth Amendment's Due Process Clause applies to actions of the federal government. Here, Plaintiff appears to be alleging improper federal action. Since the Court's analysis would not change under either the Fifth or Fourteenth Amendment, the Court proceeds to the underlying due process review.

Plaintiff; (2) Deprivation of Due Process rights of Plaintiff; (3) Undue provocation of Plaintiff; (4) Harassment of Plaintiff; and (5) Collusion against Plaintiff." *Id.*

Although Plaintiff states five claims, even construed liberally, the Court cannot determine any viable causes of actions in the Complaint. Claims I, III, IV, and V are conclusory statements that Plaintiff fails to connect to a cognizable theory of law. As for Count II, although Plaintiff does cite to 42 U.S.C. § 1983 and indicates that he has been deprived of his right to Due Process, the Complaint fails to plausibly allege actions that violated Plaintiff's consitutional rights. In this regard, there are two reasons why the Complaint is currently inadequate: first, the Complaint does not set forth a protected constitutional right, and second, the Complaint does not specify which particular Defendant allegedly violated his rights.

First, Plaintiff has failed to sufficiently state a claim that he was deprived of a protected right. The critical issue raised is whether Plaintiff has sufficiently set forth a liberty interest pursuant to the Due Process Clause. The Third Circuit's decision in *Asquith v. Dept. of Corrections*, 186 F.3d 407 (3d Cir. 1999), is instructive. In *Asquith*, the plaintiff was subject to a five-year state sentence, during which he was released to a halfway house. *Id.* at 409. While at the halfway house, the plaintiff smelled of alcohol and failed a Breathalyzer test, a "major violation" under state regulations. *Id.* As a result, and pursuant to the regulations, he was transferred immediately to a prison. *Id.* Later, the plaintiff was found to have not committed a major violation, but he was not returned to the halfway house nor was he given a hearing to determine whether he should be returned. *Id.* The Plaintiff thereafter brought a Section 1983 action, arguing that he was denied due process when corrections department did not return him to the halfway house without first providing him a hearing. *Id.* The district judge granted summary judgment in favor the corrections department. *Id.*

On appeal, the Third Circuit framed the key determination as whether the plaintiff was in institutional confinement or had been released therefrom:

> The Supreme Court has consistently held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Hewitt,* 459 U.S. at 468 (alteration in original) (quoting *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 49 (1976)). Thus, a prisoner does not have a liberty interest in remaining in a preferred facility within a state's prison system. *See Montanye,* 427 U.S. at 242, 96 S.Ct. 2543; *Meachum v. Fano,* 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). In *Meachum* the Court explained that "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system.... The Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison." *Meachum,* 427 U.S. at 224, 96 S.Ct. 2532.
>
> On the other hand, the Court has found protected liberty interests after an inmate is released from institutional confinement. In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Court recognized a parolee's liberty interest in remaining conditionally free on parole: "[H]e can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.... [H]is condition is very different from that of confinement in a prison." *Id.* at 482, 92 S.Ct. 2593. Relying on *Morrissey,* the Court in *Young v. Harper,* 520 U.S. 143, 117 S.Ct. 1148, 137 L.Ed.2d 270 (1997), held that an inmate enrolled in Oklahoma's pre-parole program also had a protected liberty interest entitling him to due process before he could be removed from the program. There the pre-parolee "was released from prison before the expiration of his sentence. He kept his own residence; he sought, obtained, and maintained a job; and he lived a life generally free of the incidents of imprisonment." *Id.* at 148, 117 S.Ct. 1148. While the Supreme Court recognized that the pre-parolee's freedoms were limited -"[h]e was not permitted to use alcohol, to incur other than educational debt, or to travel outside the county without permission"- the limitations were equivalent to those of the parolee in *Morrissey,* and thus, did not "render such liberty beyond procedural protection." *Id.*

*Id.* at 410.

The *Asquith* court then observed that the plaintiff had never left institutional confinement. *Id.* at 411. Reviewing the conditions of the halfway house, the Circuit concluded that the plaintiff was still "strictly monitored," and therefore he did not suffer a due process violation. *Id. See also Powell v. Weiss*, 757 F.3d 338, 342 (3d Cir. 2014).

Here, Plaintiff has not set forth sufficient allegations demonstrating that he was no longer in institutional confinement during the time of the alleged due process violations. Nor has he set forth plausible allegations demonstrating a sufficiently "grievous loss" that would otherwise trigger due process protections. *Id.* (citations omitted).

Furthermore, the Complaint suffers from another defect. Mere "conclusory allegations against [d]efendants as a group" which "fail to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, 2015 U.S. Dist. LEXIS 84365, at *8 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of different defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* [d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 U.S. Dist. LEXIS, at *12 (D.N.J. Mar. 19, 2013) (emphasis in original). Otherwise, a Complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11.

Here, Plaintiff fails to make the requisite distinctions between the named Defendants. Plaintiff instead indicates that all claims are brought against all Defendants. Compl. at 3. Although Plaintiff states specific actions of some of the named Defendants (for example alleging that Mr. Spinetta made racist remarks and that Director Jill Kiley failed to respond to Plaintiff's written grievances), Plaintiff fails to indicate sufficiently indicate which particular Defendant allegedly

deprived him of his constitutional rights. *Id.* at 6-7. As best as the Court can discern, Plaintiff is alleging that the failure to give him a hearing on the alleged violations before he was returned to the correctional facility. But Plaintiff does not make clear in his Complaint who the allegedly culpable parties are, *i.e.* who was supposed to provide Plaintiff with the due process hearing.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The District Court may deny leave to amend only if: (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, Plaintiff's claims are arguably futile in light of Third Circuit precedent. Nevertheless, the Court will provide Plaintiff another opportunity to replead his action. Plaintiff has thirty (30) days to file an Amended Complaint[3] that cures the deficiencies set forth herein. If Plaintiff does not submit an Amended Complaint curing the deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in the complaint.

Accordingly, and for good cause shown,

**IT IS** on this 19th day of June, 2018,

---

[3] If Plaintiff does file an Amended Complaint which the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function.0 The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an Amended Complaint within thirty (30) days from entry of this Order if he so chooses. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice; and it is further

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Plaintiff by certified mail return receipt requested.

John Michael Vazquez, U.S.D.J.